# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **BLITZSAFE TEXAS, LLC,** § § § | |
| **Plaintiff,** § § | **Case No. 2:17-cv-423** |
| v. § § | **JURY TRIAL DEMANDED** |
| **MAZDA MOTOR CORPORATION and MAZDA MOTOR OF AMERICA, INC. d/b/a MAZDA NORTH AMERICAN OPERATIONS, INC.,** § § § § § § § | |
| **Defendants.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Blitzsafe Texas, LLC ("Blitzsafe" or "Plaintiff"), files this Original Complaint against Defendants Mazda Motor Corporation and Mazda Motor of America, Inc. d/b/a. Mazda North American Operations, Inc. (collectively, "Defendants"), for patent infringement under 35 U.S.C. § 271 and alleges as follows:

## THE PARTIES

1. Plaintiff, Blitzsafe Texas LLC, is a limited liability company organized and existing under the laws of the State of Texas, and maintains its principal place of business at 100 W. Houston Street, Marshall, Texas 75670. Blitzsafe sells automotive interface products that allow the end user to connect a third-party external audio device or multimedia device to a car stereo in order to play the content on the device through the car stereo system and speakers. Blitzsafe sells its products throughout the United States including in this judicial district.

Blitzsafe is the owner of all right, title, and interest in and to U.S. Patent No. 7,489,786 and U.S. Patent No. 8,155,342.

2. Upon information and belief, Defendant Mazda Motor Corporation is a Japanese multinational automaker with a place of business at 3-1 Shinchi, Fuchu-cho, Aki-gun, Hiroshima 730-8670, Japan.

3. Upon information and belief, Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations, Inc., is a California corporation with a place of business at 7755 Irvine Center Drive, Irvine, CA 92618, and may be served with process through its registered agent, Hahn Nguyen, at 7755 Irvine Center Drive, Irvine, CA 92618.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants. Defendants conduct business and have committed acts of patent infringement and/or have induced acts of patent infringement by others in this judicial district and/or have contributed to patent infringement by others in this judicial district, the State of Texas, and elsewhere in the United States.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, Defendants are subject to personal jurisdiction in this judicial district, Defendants have regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

**PATENTS-IN-SUIT**

7. On February 10, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,489,786 (the "'786 Patent") entitled "Audio Device Integration System."

8. On April 10, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,155,342 (the "'342 Patent") entitled "Multimedia Device Integration System."

**FACTUAL ALLEGATIONS**

9. The patents-in-suit generally cover systems for integrating third-party audio devices and multimedia devices with a car stereo.

10. Plaintiff has complied with the requirements of 35 U.S.C. § 287(a).

11. Defendants manufacture, import and/or sell audio and multimedia integration systems, which have been installed in Mazda-branded vehicles made in or imported into the United States since at least approximately 2011, including the "Mazda Connect" System, as well as accessories to be installed at or after the time of delivery of the vehicle (hereinafter collectively referred to as "Infotainment Systems"). These Infotainment Systems include head units, extension modules, and iPod/iPhone and mp3 integration kits that Mazda purchases from third-party suppliers. The Mazda Infotainment Systems are sold in at least the following Mazda vehicles during the period 2011 to the present: Mazda 2, Mazda 3, Speed 3, Mazda 6, MX-5 Miata, RX-8, Mazda 5, CX-3, CX-5, CX-7 and CX-9.

12. The Mazda Infotainment Systems support the integration of third-party external audio and multimedia devices, such as MP3 players, with the car stereo. The Infotainment Systems permit an end user to connect a third-party external audio or multimedia device to the

car stereo by wire, such as through a USB port or auxiliary port, or wirelessly, such as through Bluetooth.  Once connected, the end user may control the third party external audio device and multimedia device using the car stereo's controls, and the audio from the external audio device may be played through the car stereo and speakers while text, pictures, visual images and video may be displayed on the display screen of the car stereo.

13. Mazda's user manuals, instructional videos, websites and other information demonstrate to the BMW users, customers and prospective customers how an external audio device and multimedia device may be connected to the car stereo by wire to, for example, a USB port or wirelessly by Bluetooth and how the external device may be controlled by the car stereo's controls.  For example, the Owner's Manual for the 2013 Mazda 6, downloaded from https://www.mazdausa.com/owners/how-to-use-my-mazda, provides:

▼ How to use USB mode (Type B)



### ▼How to use iPod mode (Type A)



NOTE
The iPod functions on the iPod cannot be operated while it is connected to the unit because the unit controls the iPod functions.

### Bluetooth® audio outline

When a portable audio unit equipped with the Bluetooth® communication function is programmed to the Bluetooth® unit, you can listen to music recorded on the programmed portable audio device from the vehicle's speakers. It is not necessary to connect the portable audio device to the vehicle's external input terminal. After programming, operate the vehicle audio control panel to play/stop the audio.



**COUNT I**
**(Infringement of the '786 Patent)**

14. Paragraphs 1 through 13 are incorporated by reference herein as if fully set forth in their entireties.

15. Blitzsafe has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '786 Patent.

16. Defendants have and continue to directly infringe one or more claims of the '786 Patent, including claim 57, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States infringing Infotainment Systems without authority and in violation of 35 U.S.C. § 271.

17. Defendants have and continue to indirectly infringe one or more claims of the '786 Patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into

the United States the infringing Infotainment Systems. For example, Defendants, with knowledge that the Infotainment Systems infringe the '786 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '786 Patent by providing Infotainment System user manuals, product manuals, instructional videos and website information that instruct end users how to use the Infotainment Systems, including specifically how to connect their external third-party audio and multimedia devices to the car stereo and how to control the external device using the automobile's controls. Defendants induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '786 Patent, but while remaining willfully blind to the infringement.

18. Defendants have and continue to indirectly infringe one or more claims of the '786 Patent by contributing to the direct infringement, either literally or under the doctrine of equivalents, by others, including end users, by offering to sell, selling and/or importing into the United States the infringing Infotainment Systems and with the knowledge, at least as of the date of this Complaint, that the Infotainment Systems contain components that constitute a material part of the inventions claimed in the '786 Patent. Such components include, for example, interfaces that permit an end user to use a car radio's controls to control an external third party audio device and multimedia device. Defendants know that these components are especially made or especially adapted for use in an infringement of the '786 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, Defendants believed there was a high probability that others would infringe the '786 Patent, but remained willfully blind to the infringing nature of others' actions.

19. Blitzsafe has suffered damages as a result of Defendants' direct and indirect infringement of the '786 Patent in an amount to be proved at trial.

20. Blitzsafe has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '786 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

21. Defendants have committed and continue to commit acts of infringement that Defendants actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '786 Patent. Upon information and belief, Defendants had actual knowledge of the '786 Patent from prior litigations accusing products made by Infotainment System suppliers of Defendants, and prior litigations in which their Infotainment System suppliers were involved as third parties, Defendants' infringement of the '786 Patent has been and continues to be willful, entitling Blitzsafe to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## COUNT II
**(Infringement of the '342 Patent)**

22. Paragraphs 1 through 13 are incorporated by reference herein as if fully set forth in their entireties.

23. Blitzsafe has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '342 Patent.

24. Defendants have and continue to directly infringe one or more claims of the '342 Patent, including claim 49, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States infringing Infotainment Systems without authority and in violation of 35 U.S.C. § 271.

25.     Defendants have and continue to indirectly infringe one or more claims of the '342 Patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the infringing Infotainment Systems. For example, Defendants, with knowledge that the Infotainment Systems infringe the '342 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '342 Patent by providing Infotainment System operating manuals, product manuals, instructional videos and website information and documentation that instruct end users how to use the Infotainment Systems, including specifically how to connect external third-party audio and multimedia devices to the car stereo and how to control the external device using the automobile's controls. Defendants induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '342 Patent, but while remaining willfully blind to the infringement.

26.     Defendants have and continue to indirectly infringe one or more claims of the '342 Patent by contributing to the direct infringement, either literally or under the doctrine of equivalents, by others, including end users, by offering to sell, selling and/or importing into the United States infringing Infotainment Systems, with the knowledge, at least as of the date of this Complaint, that the Infotainment Systems contain components that constitute a material part of the inventions claimed in the '342 Patent. Such components include, for example, interfaces that permit an end user to use a car radio's controls to control an external third-party audio device. Defendants know that these components are especially made or especially adapted for use in an infringement of the '342 Patent and that these components are not a staple article or commodity

of commerce suitable for substantial non-infringing use.  Alternatively, Defendants believed there was a high probability that others would infringe the '342 Patent, but remained willfully blind to the infringing nature of others' actions.

27.     Blitzsafe has suffered damages as a result of Defendants' direct and indirect infringement of the '342 Patent in an amount to be proved at trial.

28.     Blitzsafe has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '342 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

29.     Defendants have committed and continue to commit acts of infringement that Defendants actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '342 Patent.  Upon information and belief, Defendants had actual knowledge of the '342 Patent from prior litigations accusing products made by Infotainment System suppliers of Defendants, and prior litigations in which their Infotainment System suppliers were involved as third parties,  Defendants' infringement of the '786 Patent has been and continues to be willful, entitling Blitzsafe to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Blitzsafe prays for relief against Defendants as follows:

a.      Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of each of the patents-in-suit;

b.      An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their

officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the patents-in-suit;

  c. An order awarding damages sufficient to compensate Blitzsafe for Defendants' infringement of the patents-in-suit, but in no event less than a reasonable royalty, together with interest and costs;

  d. Entry of judgment declaring that this case is exceptional and awarding Blitzsafe its costs and reasonable attorney fees under 35 U.S.C. § 285; and

  e. Such other and further relief as the Court deems just and proper.

Dated: May 12, 2017        Respectfully submitted,

              **MCKOOL SMITH, P.C.**

              */s/ Samuel F.Baxter*
              Samuel F. Baxter
              Texas State Bar No. 01938000
              sbaxter@mckoolsmith.com
              Jennifer L. Truelove
              Texas State Bar No. 24012906
              jtruelove@mckoolsmith.com
              **MCKOOL SMITH, P.C.**
              104 E. Houston Street, Suite 300
              Marshall, Texas 75670
              Telephone: (903) 923-9000
              Facsimile: (903) 923-9099

              Alfred R. Fabricant
              NY Bar No. 2219392
              Email: afabricant@brownrudnick.com
              Peter Lambrianakos
              NY Bar No. 2894392
              Email:  plambrianakos@brownrudnick.com
              Vincent J. Rubino, III
              NY Bar No. 4557435
              Email:  vrubino@brownrudnick.com
              Alessandra C. Messing
              NY Bar No. 5040019
              Email:  amessing@brownrudnick.com

**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

**ATTORNEYS FOR PLAINTIFF
BLITZSAFE TEXAS, LLC**